Dear Mr. Stewart:
You have requested an opinion of the Attorney General as to whether Ms. Mae Saulters, an elected member of the Jackson Parish School Board, may also hold employment with the Office of the District Attorney for the Second Judicial District as Program Director for the Jackson Parish Truancy Assessment Center. For the reasons more fully explained below, it is the opinion of this office that the law does not prohibit the simultaneous holding of these positions.
I. Truancy Assessment Center Programs.
State law authorizing the creation of truancy assessment service centers (TASC) is located in the Families in Need of Services (FINS) section of Title VII of the Louisiana Children's Code (Chapter 15, Appendix 1).[1] Reducing truancy and its *Page 2 
causes is the responsibility of multiple agencies.[2] Funding for the TASC is administered through the Louisiana State University Office of Social Service Research Development.[3]
You advise that your office is the lead agency for the Jackson Parish Truancy Assessment Center. Under Act 10 of the 2009 Louisiana Regular Legislative Session, monies were appropriated to the Louisiana State Board of Supervisors for the Truancy Assessment and Services Center Program, which included funding for the Jackson Parish Truancy Assessment Center.[4] These grant funds will be paid to your office for reimbursement of the expenses and wages paid by your office in administering the truancy program, which would include payment for the salary paid the Program Director.
II. Application of the Dual Officeholding Law,La.R.S. 42:61, et seq.
The first prohibition of potential concern is set forth in La.R.S. 42:63(D), which provides, in part:
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . .
[Emphasis added.]
La.R.S. 42:63(D) prohibits one from holding elective office and employment in the same political subdivision. However, the statute does not prohibit one from holding elective office and employment in separate political subdivisions. A *Page 3 
district attorney's office and a school board are separate political subdivisions as defined by La.R.S. 42:62(9), providing:
(9) "Political subdivision" means a parish, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
[Emphasis added].
The Jackson Parish School Board and the Office of the District Attorney for the Second Judicial District are separate and distinct political subdivisions. La.R.S. 42:63(D) does not prohibit one from holding the local elective office of school board member and employment in a separate political subdivision such as the district attorney's office. Thus, it is the opinion of this office that La.R.S. 42:63(D) does not prohibit an elected member of the Jackson Parish School Board from holding employment with the Office of the District Attorney for the Second Judicial District as Program Director for the Jackson Parish Truancy Assessment Center program.
III. Incompatibility provisions of La.R.S. 42:64.
While the prohibitions of the dual officeholding law contained in La.R.S. 42:63 are here inapplicable, the incompatibility provisions of the dual officeholding law must also be examined for potential application. La.R.S. 42:64(A)(4) prohibits the holding of two offices or employments where "the incumbent of one office, whether or not in conjunction with fellow officers, or employment is required by law to execute orders and follow directions given by the incumbent of the other office or employment." The holding of the positions here considered would be incompatible under La.R.S. 42:64(A)(4) if the Program Director was required by law to follow orders given in her capacity as an elected school board member.
The responsibilities delegated the school board regarding the truancy program are provided in La.Ch.C. Art. 791.2(1) as follows: "school boards and their systems in general will assist child welfare and attendance officers in creating student background data, including attendance records, unexcused absences, conduct violations, discipline records, report cards, and transcripts as permitted by law." *Page 4 
The responsibilities delegated the district attorney's office regarding the truancy program are provided in La.Ch.C. Art. 791.2(6) as follows: "the various offices of the district attorneys will designate prosecutors to work with the district and juvenile courts to develop and implement a coordinated effort to deal with truants and their families early in their court involvement and assist with data follow-up and outcome evaluation. Additionally, the offices of the district attorneys, if necessary, will institute charges that may be levied against the family when they are noncompliant with the service plan."
The above cited provisions of the Children's Code do not make the Program Director answerable to the Jackson Parish School Board as contemplated by La.R.S. 42:64(A)(4). Further, program guidelines set forth in the Truancy Assessment Service Center2009-10 Planning Guide, LSU School of Social Work, Office of Social Service Research Development, March 2009, p. 6, reflect that "the [program] plans should be specific in detailing the limitations of discretionary budget adjustments, hiring decisions, operation procedure adjustments that may be made by the fiscal agent and/or the TASC director, without advisory board approval." This advisory board consists of representatives from all agencies involved, including the school board. As the District Attorney, and not the Program Director, will be designated fiscal agent appearing before the advisory board, La.R.S. 42:64(A)(4) is not violated.
It is the opinion of this office that La.R.S. 42:64(A)(4) is here inapplicable because the Program Director is not "required by law to execute orders and follow directions" given by herself as an elected member of the school board.
La.R.S. 42:64(A)(6) also prohibits the holding of two offices or employments where "funds received by one office or employment are deposited with or turned over to the other office or position." Incompatibility under La.R.S. 42:64(A)(6) occurs when an individual in one office or employment remits funds to himself by virtue of his holding another office or position. The Jackson Parish School Board neither funds nor has any administrative authority over the compensation paid the Program Director. Thus, it is the opinion of this office that the incompatibility provisions of La.R.S. 42:64(A)(6) are not applicable in this instance.
It is the opinion of this office that Ms. Mae Saulters, anelected member of the Jackson Parish School Board, is not prohibitedby law from also holding employment with the Office of theDistrict Attorney for the Second Judicial District as ProgramDirector for the Jackson Parish Truancy Assessment Center.
This opinion is limited to an examination of state law regulating dual employment. Ethical concerns raised by these circumstances must be submitted to the
[1] La.Ch.C. Art. 791.1. provides:
The purpose of this Chapter is to authorize the creation of truancy and assessment and service centers. Truancy has long been demonstrated nationwide as a primary indicator of a path to juvenile delinquency. Parishes and judicial districts have demonstrated a willingness to address truancy by providing a physical location in each parish where personnel from local schools, law enforcement, courts exercising jurisdiction over juveniles, district attorneys, correction and substance abuse counselors, and family and child-serving agencies can work together in a coordinated effort. Early intervention has been demonstrated as the key to providing the greatest chance for correcting the actions of juveniles who demonstrate a propensity for destructive or criminal behavior. The earliest possible venue for addressing the problem begins in kindergarten. By intervening at this phase, it is possible to correct potential delinquent behavior before the chances for correction become insurmountable. The centers will address the underlying causes of truancy by pooling existing resources targeted at the child and family through appropriate action by service and treatment agencies.
[2] Under La. Ch.C Art. 791.2, interagency agreements are signed by representatives of multiple interested agencies, including the school board, the district courts, and the district attorneys, reflecting the agency's agreement to provide services to the parish's truancy assessment center.
[3] See Truancy Assessment Service Center 2009-10 PlanningGuide, LSU School of Social Work, Office of Social Service Research Development, March 2009.
[4] Act 10 is the 2009 General Appropriations Bill, which provides in pertinent part: "Provided, however, that the monies appropriated herein to the LSU Board of Supervisors for the Truancy Assessment and Services Center Program shall also include funding for Jackson, Natchitoches, Jefferson Davis, and Beauregard Parish programs."